Argued June 17, affirmed July 8, 1975

STATE OF OREGON, *Respondent, v.* GORDON
VANCE SHOTWELL (C 74-04-1257 Cr),
*Appellant.*
537 P2d 588

*A. M. Varnes,* Portland, argued the cause and filed
the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney Gen-
eral, Salem, argued the cause for respondent. With
him on the brief were Lee Johnson, Attorney General,
and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted of criminal activity in drugs, possession of morphine, ORS 167.207, and received a three-year sentence. He appeals, assigning as error the denial of his motion to suppress evidence (morphine) which he claims was inadmissible under the "fruit of the poisonous tree" exclusionary rule set forth in *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

In midmorning on April 29, 1974, Deputy Sheriff John Ingram of the Multnomah County Sheriff's Office responded to a radio call regarding a burglar alarm and possible burglary in progress at a residence located at 14450 S.E. Steele Street. While traveling north on S.E. 139th, en route to the residence, Ingram observed a woman sitting in a car parked on S.E. 139th Street, some 35 yards south of the entrance to S.E. Steele. Steele is a dead-end street. Ingram then turned right (eastbound) on S.E. Steele and proceeded to the residence at 14450 S.E. Steele.

Upon arrival, Ingram was met by Sergeant Englert and Deputy Saylor, who had also responded to the radio call. They advised Ingram that a neighbor had seen someone running south from the residence shortly after the alarm went off. The neighbor said his wife told him she "observed a * * * white * * * male, wearing a white T-shirt with no description of this person * * *." Ingram checked the residence and found that there were no visible signs of entry.

After learning that Englert and Saylor had

also observed the woman sitting in the parked car on S.E. 139th, Ingram proceeded back to that location. Prior to parking his vehicle, Ingram observed the woman through the rear window of the parked car and thought "she appeared to be hiding something or doing something on the front seat." As Ingram parked his vehicle, the woman got out of the car; she walked towards Ingram as Ingram was approaching her from his vehicle. Upon questioning by Ingram, she stated she was waiting for her boy friend in his car and that he was in one of the surrounding houses. She could not identify which house.

Ingram then conducted a search of the front seat area of the car and found a loaded 9-millimeter Luger underneath a blanket covering the front seat. The other two officers joined Ingram. Shortly afterwards, the defendant emerged from some bushes or shrubbery on the west side of S.E. 139th. The defendant was wearing dark-colored Levi's and, though it was a warm day, had on two jackets or a leather jacket with a vest or lighter jacket on underneath. In response to a question by Officer Englert, defendant said his name was Gordon Shotwell. The officer recognized the name as one "very common to me because I have worked many cases against him in narcotics." The defendant asked what the officers were doing with his "old lady" and what they wanted. Englert observed a "bulge" in one of the defendant's pockets and began to check the "bulge." A struggle ensued between the defendant and Ingram and Englert. The officers subdued the defendant and after handcuffing him, proceeded to remove the "bulge" from his coat pocket. The "bulge" turned out to be a pair of handcuffs and a small plastic bag containing 4.5 grams of morphine.

The defendant testified that he had been at the house of a friend who lived directly across the

street on S.E. 139th and that he had been working underneath his friend's car immediately prior to observing the police questioning his girl friend. Sergeant Englert testified that the defendant's clothes were covered with grease and dirt at the time of the transaction in question.

The trial court in its oral statement at the conclusion of the suppression hearing apparently upheld the search partly on the basis of the discovery of the gun in what defendant contends was an unlawful search of his automobile. We find it unnecessary to decide whether the search of the automobile was proper.

We conclude that the officers had sufficient reason to make a *Terry v. Ohio,* 392 US 1, 88 S Ct 1868, 20 L Ed 2d 889 (1968), stop and frisk of the defendant, completely disregarding the search of the car and discovery of the gun. Given the report of a burglary and a white person fleeing in the vicinity, the defendant approaching on foot from the bushes, the visible bulge in his pocket, and the officer's memory of his narcotics background, we conclude that the officer had reasonable grounds for an investigatory stop of the defendant and to frisk him for possible weapons. When defendant resisted the pat down of the hard object which constituted the bulge, the officers were warranted in continuing the search to ascertain the nature of the hard object. *Terry v. Ohio,* supra. ORS 131.615; 131.625.[1] The discovery of the drugs followed in natural progression.

Affirmed.

---

[1] "(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2) The detention and inquiry shall be conducted in

the vicinity of the stop and for no longer than a reasonable time.

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion." ORS 131.615.

"(1) A peace officer may frisk a stopped person for dangerous or deadly weapons if the officer reasonably suspects that the person is armed and presently dangerous to the officer or other person present.

"(2) If, in the course of the frisk, the peace officer feels an object which he reasonably suspects is a dangerous or deadly weapon, he may take such action as is reasonably necessary to take possession of the weapon." ORS 131.625.